Aniceta Juanita Foronda TAMAYO; et al., Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–73955.
Agency Nos. A75–721–730, A75–721–731, A78–111–912.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.[*]

Decided Jan. 18, 2005.

Jack P. Holmes, Esq., Jack P. Holmes & Associates, Anaheim, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Nancy E. Friedman, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before BEEZER, HALL and SILVERMAN, Circuit Judges.

[*] This panel unanimously finds this case suit- able for decision without oral argument. *See*

MEMORANDUM **

Aniceta Juanita Foronda Tamayo and her two children are citizens of Indonesia and petition for review of a decision of the Board of Immigration Appeals ("BIA") affirming the immigration judge's ("IJ") denial of her application for asylum and withholding of removal. We dismiss in part and deny in part.

■ Tamayo's asylum claim is unreviewable by this court because the BIA determined that her claim was untimely. *See* 8 U.S.C. § 1158(a)(3); *Hakeem v. INS*, 273 F.3d 812, 815 (9th Cir.2001). Accordingly, we dismiss the petition for review of her asylum claim.

We have jurisdiction over the remainder of Tamayo's petition under 8 U.S.C. § 1252(a) and review for substantial evidence. *See Hakeem*, 273 F.3d at 816. Because the BIA affirmed and adopted the IJ's decision, this court reviews the IJ's reasons for denial as though they were stated by the BIA. *See Al–Harbi v. INS*, 242 F.3d 882, 887–88 (9th Cir.2001).

■ Substantial evidence supports the IJ's reasons for denying Tamayo's withholding of removal claim because Tamayo's testimony and application do not demonstrate that there is a "clear probability" that she will face persecution on account of her ethnicity or religion if returned to Indonesia. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1185 (9th Cir.2003) (concluding that one physical incident and on-going harassment was insufficient to establish withholding of removal). Tamayo's experiences, which she self-describes in the record as "minor," and consist of a single incident of rock-throwing at her church, harassment of her children, and one attack on her husband by militants, do not indicate that she has suffered past persecution or that it is "more likely than not" that she will be persecuted if returned to Indonesia. *See id.* Accordingly, we deny the petition on the withholding of removal claim.

Tamayo's due process contentions also fail because she did not show that her hearing was fundamentally unfair, that she was prevented from presenting her case, or that the outcome of her case was potentially prejudiced. *Cf. Colmenar v. INS*, 210 F.3d 967, 971–72 (9th Cir.2000) (granting a due process claim because IJ relied almost solely upon the petitioner's written application and prevented the petitioner from explaining any of the information in his application).

Finally, we conclude that the BIA's opinion was not a "boilerplate" decision because the BIA expressly incorporated the IJ's reasoned analysis as its own. *See Alaelua v. INS*, 45 F.3d 1379, 1382 (9th Cir.1995).

PETITION FOR REVIEW DISMISSED in part and DENIED in part.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.